**44 So.2d 700**

**DAVIDSON v. BOLTON et al.**

**No. 38981.**

Jan. 9, 1950.

Rehearing Denied Feb. 13, 1950.

Dickson & Denny, Shreveport, for plaintiff-appellant.

Cook, Clark & Egan, Shreveport, for defendants-appellees.

HAWTHORNE, Justice.

Plaintiff, Louis L. Davidson, instituted this suit against the Commercial National Bank in Shreveport, as executor of the estate of S. G. Sample, and the heirs of S. G. Sample, praying to be recognized as the owner of one-half of the minerals in an 80-acre tract of land situated in DeSoto Parish, which he had allegedly purchased from the surface owner, Sidney Norris, and for the cancellation of a certain oil and gas lease covering the east 40 acres of this tract, executed by the defendants to Milton J. Houston, and for damages in the sum of $4000.00 resulting from the refusal of the defendants to renounce their claim to all the minerals under the entire tract and to cancel the lease. After trial the district court rendered judgment recognizing the plaintiff to be the owner of one-half of the minerals in the tract and ordering the cancellation of the lease, but rejecting plaintiff's demand for a money judgment. From this judgment the plaintiff has appealed insofar as it dismissed his demand for a money judgment.

On April 22, 1944, defendants executed an oil, gas, and mineral lease covering the east one-half of the property here involved. Thereafter, on September 6, 1944, plaintiff through his attorneys addressed a letter to the defendants in care of the Commercial National Bank, requesting the cancellation of this lease. On September 13 the bank through its attorneys answered this letter, asserting that the Sample estate was the owner of all the mineral rights covered by the lease and declining to comply with the request of plaintiff for its cancellation. The present suit was instituted on July 19, 1945.

Since only the plaintiff has appealed, the questions of ownership of the minerals and of the cancellation of the lease are not before us for consideration. The only question presented is the correctness of the ruling of the district court denying to plaintiff his money demand for damages. It is plaintiff's contention that the defendants' refusal to cancel the lease and to renounce their claim to the ownership of all the minerals under the tract resulted in a loss to him of the sale of one-half of the minerals for $2000.00 and likewise a loss of the sale of an oil and gas lease on the premises for a like amount. Defendants contend that they were justified in their refusal to cancel the lease and to renounce the minerals because they owned the minerals on the date on which they were requested to do so in plaintiff's letter and still owned them on the date on which the instant suit was filed.

S. G. Sample, father of the Sample heirs, sold this land many years ago to plaintiff's vendor, with reservation of all the minerals. His wife died on September 7, 1918, leaving minor heirs, and the minority of these heirs had the effect of suspending the liberative prescription which had been running for about 11 months against the servitude. This prescription began to run again on July 31,

1937, when the youngest of these heirs attained his majority, and would have accrued on August 30, 1946, if Act No. 232 of 1944 had not been enacted. Under the provisions of this act, their rights terminated on July 26, 1945, as to all the minerals reserved by S. G. Sample. The defendants therefore were justified in their refusal to renounce this mineral interest and to cancel the lease, since at the time of notice, as well as on the date of the filing of the present suit, defendants' interest in the minerals had not expired, and plaintiff is not entitled to damages resulting from their refusal.

For the reasons assigned, the judgment appealed from is affirmed; plaintiff-appellant to pay the costs of this appeal.